IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00390-RJC-DSC

| | |
|---|---|
| **COMMERCIAL CREDIT GROUP INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **LCF HOLDINGS LLC,** <br> **FOURNERAT & TOUPS FARMS LLC** <br> **AND** <br> **LOGAN CASS FOURNERAT,** <br><br> **Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on "Defendants' Motion to Transfer Venue" (document #10), as well as the parties' associated briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court denies Defendant's Motion as discussed below.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Complaint as true, this action involves the breach of two guaranty agreements which Defendants executed to guarantee non-party Louisiana Crane & Construction LLC's ("LACC") indebtedness to Plaintiff on a $993,660 promissory note. Defendant Fournerat Toups Farms LLC owns seventy percent of LACC. Defendant LCF Holdings LLC owns the remaining thirty percent. Defendant Fournerat is the sole manager of LACC.

Both guarantees contain the following forum selection clause:

> CREDITOR AND EACH OF THE GUARANTORS HEREBY **AGREE TO THE EXCLUSIVE VENUE AND JURISDICTION OF ANY STATE OR FEDERAL COURT PRESIDING IN MECKLENBURG COUNTY NORTH CAROLINA FOR ALL ACTIONS, PROCEEDINGS CLAIMS, COUNTERCLAIMS OR CROSSCLAIMS ARISING DIRECTLY OR INDIRECTLY IN CONNECITON WITH, OUT OF, OR IN ANY WAY RELATED TO THIS GUARANTY**, WITH THE SOLE EXCEPTIONS THAT AN ACTION TO RECOVER POSSESSION OF ALL OR PART OF THE SECURITY OR ANY OTHER ASSETS OF SUBJECT OR ANY OF THE GUARANTORS HOWEVER DENOMINATED, MAY, IN THE SOLE DISCRETION OF THE CREDITOR, BE BROUGHT IN A STATE OR FEDERAL COURT HAVING JURISDICTION OVER SUCH SECURITY AND/OR ASSETS, AND THAT JUDGMENTS MAY BE CONFESSED, ENTERED, OR ENFORCED IN ANY JURISDCITION WHERE SUBJECT, OR ANY GUARANTOR, OR SECURITY AND/OR ANY OTHER ASSETS OF SUBJECT, OR GUARANTOR MAY BE LOCATED. **EACH GUARANTOR WAIVES ANY RIGHT THEY OR ANY OF THEM MAY HAVE TO TRANSFER OR CHANGE THE VENUE OF ANY LITIGATION BROUGHT IN ACCORDANCE HEREWITH**.

Documents 10-1 and 10-2 (emphasis added).

On April 6, 2021, LACC filed a Chapter 11 bankruptcy proceeding in the Western District of Louisiana. LACC identified Plaintiff as a creditor with claims secured by LACC's property. On June 23, 2021, Plaintiff filed a Motion for Relief from Stay in the bankruptcy case, seeking to enforce its rights against LACC's property. LACC and another creditor oppose that pending motion.

On June 30, 2021, Plaintiff filed the present action in Mecklenburg County Superior Court seeking to enforce the guaranty agreements. On July 30, 2021, Defendants removed the state court action to the United States District Court for the Western District of North Carolina.

On August 20, 2021, Defendants moved pursuant to 28 U.S.C. §§ 1404(a) and 1412 to transfer this matter to the Western District of Louisiana. They argue that since this matter "relates to" the bankruptcy proceeding, transfer is appropriate notwithstanding the forum selection clauses.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), the district court may "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed to the sound discretion of the district court. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Comput. Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991).

Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Although some district courts have concluded that § 1412 applies to the transfer of actions that are merely "related to" a bankruptcy proceeding under Title 11, the Fourth Circuit has not resolved whether § 1412 or § 1404 governs. See, e.g., Yolo Capital, Inc. v. Normand, 2018 U.S. Dist. LEXIS 13083, *4 (W.D.N.C. Jan. 26, 2018). Numerous courts have concluded that "the ultimate determination of whether transfer is warranted likely would be not different regardless of whether the motion is analyzed under § 1412 or § 1404." See, e.g., Coffey Creek Assocs. Ltd. P'Ship v. Guardian Prot. Servs., 2010 U.S. Dist. LEXIS 54875, *13 (W.D.N.C. May 7, 2010).

The party seeking to transfer venue bears the burden of showing by a preponderance of the evidence "that either the interest of justice or the convenience of the parties would be served by the requested transfer." Yolo, 2018 U.S. Dist. LEXIS 13083 at *5.

A forum-selection clause agreed upon by the parties "represents the parties' agreement as to the most proper forum" and "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S.Ct. 568, 581 (2013). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional

cases." Id. The party opposing the forum-selection clause bears the burden of establishing that enforcement of the clause is unwarranted. Id. "[C[ourts enforce forum selection clauses unless it would be unreasonable to do so…." BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018). Accord ICICI Bank, Ltd. v. Essar Global Fund Ltd., 565 B.R. 241, n.3 (S.D.N.Y. Jan. 12, 2017) (declining to transfer venue of action brought on guaranty agreement containing forum selection clause); Nurses Onsite Corp. v. Murphy, 2007 Bankr. LEXIS 1988 (E.D. Va. June 7, 2007) (enforcing forum selection clause where "[t]he cause of action is a state law cause of action that would exist absent the filing of a petition in bankruptcy.")

Defendants have failed to carry their burden of showing that the forum selection clauses should not be upheld by the Court. For those and the other reasons stated in Plaintiff's brief, the Motion will be denied.

### III. ORDER

**NOW IT IS THEREFORE ORDERED** that:

1. "Defendants' Motion to Transfer Venue" (document #10) is **DENIED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: September 23, 2021

David S. Cayer
United States Magistrate Judge